1   ~~filed June 18, 2012 concerning that certain real property located at 9441 Canfield Drive,~~ La

2   ~~Habra, CA 90631 is hereby~~ **STAYED** ~~pending further proceedings in this court.~~

3      **FURTHER**, the court sets a hearing date of ___8-10___ at 10:00pm , 2012 for hearing Plaintiff's

4   motion for preliminary injunction.   Plaintiff to give notice and file a proof of service of same

5

6   within __~~days.~~ 24 hours.

7   Opposition is due 8/2/12  and reply is due 8/6/12

8   Date: July 26, 2012         _____

                                Judge of the Orange County Superior Court

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 07/26/2012                    TIME: 08:30:00 AM          DEPT: C18

JUDICIAL OFFICER PRESIDING: James J. Di Cesare
CLERK:  Christine D Carr
REPORTER/ERM: Randi Taylor-6208 CSR# 6208
BAILIFF/COURT ATTENDANT: Loretta Schwary

CASE NO: 30-2012-00585248-CU-OR-CJC   CASE INIT.DATE: 07/20/2012
CASE TITLE: **Arnold vs. Bank united**
CASE CATEGORY: Civil - Unlimited          CASE TYPE: Other Real Property

EVENT ID/DOCUMENT ID: 71525799,90453868
**EVENT TYPE:** Ex Parte
MOVING PARTY: Peter Arnold
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 07/25/2012

**APPEARANCES**
Anthony Graham, from GRAHAM & MARTIN LLP, present for Plaintiff(s).

Ex-Parte application Temporary Restraining Order and OSC re: Preliminary Injunction; Stay of Related Action and Consolidation of Related Action is requested by Plaintiff Peter Arnold.

The matter was heard in C18 due to the unavailability of the Honorable Robert J. Moss.

The Court read and considered the papers and granted the ex parte in part and denied in part.

The Court denied the request for stay of the unlawful retainer action.

The Court granted the TRO and setting the OSC re: Preliminary Injunction.

The Order to Show Cause re: Preliminary Injunction is scheduled for 08/10/2012 at 10:00 AM in Department C23.

The ex parte is deemed the moving papers.

Opposition is due by 8/2/12 and reply is due by 8/6/12.

Moving papers are to be served with 24 hours.

Court orders Plaintiff to give notice.

---

DATE: 07/26/2012                    MINUTE ORDER                    Page 1
DEPT: C18                                                           Calendar No.

1 | *Arnold v. BankUnited, et al.,*
*Court Case No. 30-2012-00585248*

2

### PROOF OF SERVICE BY OVERNIGHT MAIL

3

4 | I, RONALD BEEBE, declare as follows:

5 | I am a citizen of the United States and am employed by TFLG, A Law Corporation in the

6 | County of Yolo, State of California. My business address is 2121 2nd Street, Suite C105, Davis,

7 | California 95618, in said County an d State. I am over the age of eighteen (18) years and am not

8 | a party to this action.

9 | On the date set forth below, I served the following document(s):

10 | **UNLAWFUL DETAINER BANKUNITED'S SPECIAL APPEARANCE OPPOSITION TO ARNOLD'S ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

11

12 | on the following person(s), by placing a copy thereof in a separate **On Trac** envelope for each

13 | addressee named hereafter, addressed as follows:

14 | **ANTHONY G. GRAHAM, ESQ.**
**GRAHAM & MARTIN - ATTORNEY'S FOR ARNOLD**
**3130 SOUTH HARBOR BLVD, SUITE 250**

15 | **SANTA ANA, CALIFORNIA 92704**

16 | In accordance with the practice of the business for the collection and processing of

17 | correspondence for OVERNIGHT DELIVERY by **On Trac**, I sealed said **On Trac** envelope(s), with

18 | **On Trac** charges thereon fully provided for, and said **On Trac** envelope(s) were collected by a **On**

19 | **Trac** employee on that same day.

20 | I declare under penalty of perjury under the laws of the State of California that the foregoing

21 | is true and correct.

22 | Executed on August 1, 2012, at Davis, California.

23

24 | Ronald Beebe

25

26

27

28

<hr/>

**12**

**UNLAWFUL DETAINER BANKUNITED'S SPECIAL APPEARANCE OPPOSITION TO ARNOLD'S ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

#21

GRAHAM & MARTIN, LLP
Anthony G. Graham (State Bar No.148682)
Michael J. Martin (State Bar No. 171757)
3130 South Harbor Blvd., Suite 250
Santa Ana, California 92704
(714) 850-9390

Attorneys for Defendants
PETER ARNOLD and
SHANNON ARNOLD

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

JUL 2 6 2012

ALAN CARLSON, Clerk of the Court
BY: J. SCHWARTZ  DEPUTY

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

NORTH JUSTICE CENTER

LIMITED CIVIL CASE

BANKUNITED,

            Plaintiffs,

    vs.

PETER ARNOLD AND SHANNON
ARNOLD,

            Defendants.

CASE NO. 30-2012-00577280

NOTICE OF TEMPORARY RESTRAINING
ORDER AND REQUEST TO STAY THIS
ACTION

Dept. N18

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE of the Temporary Restraining Order attached hereto as

Exhibit A restraining Plaintiff BANKUNITED from taking any further foreclosure action

without order of the Court in the Related Action, *PETER ARNOLD v. BANKUNITED, FSB*,

Orange County Superior Court Case Number 30-2012-0058248, filed July 20, 2012 and currently

pending before the Hon. Robert Moss, Dept. C23.

1        Under these circumstances Defendant in this action request that this court temporarily

2  stay this action until a date after the hearing on the preliminary Injunction motion to be heard

3  August 10, 2012.

4

5

6  Dated: July 26, 2012

7                    By _____

8                       Anthony G. Graham

9                       Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RINTED ON
ECYCLED PAPER

# EXHIBIT A

1   GRAHAM & MARTIN, LLP
      Anthony G. Graham (State Bar No.148682)

2   Michael J. Martin (State Bar No. 171757)
      3130 South Harbor Blvd., Suite 250

3   Santa Ana, California 92704
      (714) 850-9390

4

5   Attorneys for Plaintiff
      PETER ARNOLD

6

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 26 2012

ALAN CARLSON, Clerk of the Court

**RECEIVED**
SUPERIOR COURT OF CALIFORNIA
CENTRAL JUSTICE CENTER

JUL 25 2012

BY: _J. CORDERO_

7

8            SUPERIOR COURT OF CALIFORNIA

                COUNTY OF ORANGE

9

10   PETER ARNOLD, an individual,

11              Plaintiffs,

12

13        vs.

14   BANKUNITED, FSB; NATIONAL DEFAULT
      SERVICING CORPORATION AND DOES 1-

15   10,

16             Defendants.

17

18

19

CASE NO. 30-2012-00585248

[~~PROPOSED~~] ORDER RE EX PARTE
APPLICATION FOR:
1.  TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE RE:
PRELIMINARY INJUNCTION;
2.   STAY OF RELATED ACTION;
3.   CONSOLIDATION OF RELATED
ACTION.

JUDGE: ROBERT J. MOSS
DEPT.: C23
DATE: ~~JULY 26, 2012~~ 8-10-12
TIME: ~~8:30 A.M.~~ 10:00 Pm

20   ~~THIS MATTER HAVING BEEN HEARD~~, and FURTHER, ~~GOOD CAUSE~~

21

22   ~~HAVING BEEN SHOWN THEREFORE~~, Plaintiff's Ex Parte Application for A temporary

23   restraining order is **GRANTED** and no foreclosure action, ~~including but not limited to,~~

24   will TAKE PLACE WITHOUT ORDER OF THIS
      ~~enforcement of a writ of possession will take place without order of this court.~~ COURT. JM.

25   ~~FURTHER, the unlawful detainer action entitled BANKUNITED v. PETER ARNOLD~~

26   ~~AND SHANNON ARNOLD, Orange County Superior Court, Case Number 30-2012-0077280~~

27

28

1    filed June 18, 2012 concerning that certain real property located at 9441 Canfield Drive, La

2    Habra, CA 90631 is hereby STAYED pending further proceedings in this court.

3        **FURTHER,** the court sets a hearing date of _8-10_ ~at 10:00am, 2012 for hearing Plaintiff's

4    motion for preliminary injunction.   Plaintiff to give notice and file a proof of service of same

5    within __days. 24 hours.

6    Opposition is due 8/2/12  and reply is due 8/6/12

7    Date: July 2, 2012

8                                        _____
                                         Judge of the Orange County Superior Court
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to this case. I am a resident of or employed in the county where the mailing occurred. My business address is 3130 South Harbor Blvd., Suite 250, Santa Ana, California 92704.

I SERVED THE FOLLOWING:

1.    **Notice of TRO and Request to Stay UD action.**

by enclosing a true copy of the same in a sealed envelope addressed to each person whose name and address is shown below and hand serving each person noted below:

Date of Service: July 26, 2012

NAME AND ADDRESS OF EACH PERSON TO WHOM DOCUMENTS WERE HAND SERVED:

S. Edward Slabach
TFLG, A Law Corporation
2121 2nd Street, Suite C105
Davis, Ca 95618

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: July 26, 2012          _____

GRAHAM & MARTIN, LLP
Anthony G. Graham (State Bar No.148682)
Michael J. Martin (State Bar No. 171757)
3130 South Harbor Blvd., Suite 250
Santa Ana, California 92704
(714) 850-9390

Attorneys for Plaintiff
PETER ARNOLD

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 27 2012

ALAN CARLSON, Clerk of the Court

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| PETER ARNOLD, an individual, | CASE NO.  30-2012-00585248 |
| Plaintiffs, | NOTICE OF PROOF OF PERSONAL SERVICE ON COUNSEL FOR BANKUNITED, FSB, AND NATIONAL DEFAULT SERVICING CORPORATION OF TEMPORARY RESTRAINING ORDER  AND HEARING DATE FOR ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION . |
| vs. | |
| BANKUNITED, FSB; NATIONAL DEFAULT SERVICING CORPORATION AND DOES 1-10, | |
| Defendants. | JUDGE: ROBERT J. MOSS DEPT.: C23 |

On July 26, 2012 at 1.30 p.m. in Department N18 Orange County Superior Court, North

Justice Center, the Hon. Frederick Aguirre presiding, Anthony G. Graham, counsel for Plaintiff

Peter Arnold, personally served counsel for Defendants BANKUNITED, FSB and NATIONAL

DEFAULT SERVICING CORPORATION by delivering to him a Notice of Temporary

Restraining Order and Request to Stay a true and correct copy of which is attached hereto as

Exhibit A.

Dated: July 27, 2012

Anthony G. Graham
Attorneys for Plaintiff

1

TFLG, A LAW CORPORATION
ERIC G. FERNANDEZ (CA Bar No. 269684)
VIANA G. BARBU (CA Bar No. 283877)
2121 2ND STREET, SUITE C105
DAVIS, CA 95618
TELEPHONE: 530-750-3700
FACSIMILE: 530-750-3366

Attorneys for Plaintiff in the Unlawful Detainer Action
BANKUNITED

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG ~ 2 2012

ALAN CARLSON, Clerk of the Court

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

## CENTRAL JUSTICE CENTER

## UNLIMITED CIVIL CASE

"BY FAX"

| | |
|---|---|
| PETER ARNOLD, an individual, | ) *SPECIAL APPEARANCE* |
| Plaintiff, | ) Case No. 30-2012-00585248 |
| v. | ) **UNLAWFUL DETAINER PLAINTIFF'S SPECIAL APPEARANCE OPPOSITION TO ARNOLD'S ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |
| BANKUNITED, FSB; NATIONAL DEFAULT SERVICING CORPORATION and DOES 1-10, et al., | ) |
| Defendants. | ) |
| BANKUNITED, | ) Unlawful Detainer Case No.: 30-2012-00577280 |
| Plaintiff | ) Date:  August 10, 2012 |
| v. | ) Time:  10:00 |
| | ) Dept:  C23 |
| PETER ARNOLD, SHANON ARNOLD; and DOES 1 through 5 inclusive, | ) |
| Defendants. | ) |

///

///

1

UNLAWFUL DETAINER BANKUNITED'S SPECIAL APPEARANCE OPPOSITION TO ARNOLD'S
ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION



## I. FACTUAL AND PROCEDURAL BACKGROUND

PETER ARNOLD ("Arnold"), is the former owner of the foreclosed property commonly known as 9441 Canfield Drive, La Habra, California (the "Property"). Plaintiff BANKUNITED ("Plaintiff") is the present record owner of the Property by virtue of a non-judicial foreclosure sale held on March 7, 2012, and is evidenced by a Trustee's Deed Upon Sale recorded in the County of Orange on March 26, 2012, as instrument number 2012000170176. The Trustee's Deed is attached to the Verified Complaint as Exhibit A and incorporated herein. **Counsel for BANKUNITED in the Unlawful Detainer action opposes the instant application for the sole purpose of representing BANKUNITED's interest as an Unlawful Detainer Plaintiff only.**

## II. INTRODUCTION

On March 7, 2012, BankUnited acquired the property in a Trustee's sale. Upon acquiring the property BankUnited attempted to gain possession of the property by serving All Persons in Possession with a written Notice to Vacate ("Notice") the property on March 15, 2012. Arnold, without permission or consent, continued to possess the property, therefore BankUnited filed an action for Unlawful Detainer ("UD Action") on June 18, 2012. Now Arnold has filed the instant Unlimited Civil Action against BANKUNITED as of July 20, 2012.

In an attempt to stall BankUnited's UD Action, Arnold moved for an order staying said action on July 25, 2012, but the Court denied Arnold's request (Attached hereto as Exhibit A please find a true and correct copy of the Court's Minute Order denying a stay of the UD Action). Now, Arnold moves the Court again for an order enjoining BankUnited's summary eviction proceeding. Arnold's request should be denied for several reasons. The first, and perhaps the most glaring fact, is that BankUnited has already obtained judgment for possession of the Property on July 26, 2012. As such, enjoining BankUnited's action pending the resolution of Arnold's separate and distinct Unlimited Civil Action would cause inequitable ane irrevocable prejudice to BankUnited.

Furthermore, Arnold cannot succeed on the merits of his separate action because Arnold has failed to tender the total amount of indebtedness due at the time of foreclosure. Legal precedence has clearly held that such tender is mandatory in order for Arnold to maintain a cause of action to Quiet Title or any other action challenging title. Secondly, the application should be denied because

**2**

1  the alleged claims in Arnold's separate action and his defense in the UD Action do not give rise to

2  circumstances warranting a stay of the proceeding.  In fact, the existence of a separate action is

3  immaterial to a summary eviction proceeding; moreover, a summary eviction proceeding is entitled

4  to preference.  Because the facts in this case and the law favor proceeding with the UD Action

5  separately and apart from Arnold's Unlimited Action, the instant application for an injunction should

6  be denied. What is most relevant for the purposes of this application is that Arnold could not -and

7  still cannot -payoff his debt.  Thus, his  potential claim to title is futile and any attempt to set aside

8  the trustee sale is futile.

9        Finally, Arnold has wilfully ignored the Court's Order by failing to serve BankUnited with

10 his moving papers.  The Court ordered that Arnold was to serve BankUnited with his moving papers,

11 i.e. the ex parte application documents, withing 24 hours of the ex parte hearing.  Arnold failed and

12 has since failed to serve BankUnited with his moving papers.  Rather, Arnold, as evidenced by his

13 own proof of service, has merely served his "Notice of TRO and Request to Stay UD Action. Arnold

14 has provided BankUnited with no legal authority to review and oppose, and as such, Arnold's

15 request for an injunction must therefore be denied as BankUnited has been prejudiced yet again in

16 its right and ability to properly oppose Arnold's application for stay.

17                         **III. LEGAL ARGUMENT**

18    A.    **A STAY AND/OR INJUNCTION OF THE UNLAWFUL**
            **DETAINER ACTION IS IMPROPER.**
19

20       As mentioned above, Arnold's application to stay, enjoin, or consolidate the UD Action  with

21 the Unlimited Civil case  is improper for several reasons. First, the application asks the Court of

22 Unlimited Jurisdiction to enter an order that essentially overrides the Judgment of the Unlawful

23 Detainer Court. The Court of Unlimited Jurisdiction is not an Appellate Court and cannot enter an

24 order contrary to the Judgment of an equivalent court that is within the same county.

25       Second, an Unlawful Detainer action is a summary proceeding that is subject to expedited

26 resolution. T hird,  the  pendency of another  action has  no  bearing on  an  Unlawful  Detainer

27 proceeding. Finally, enjoining the Judgment will result in substantial prejudice to BankUnited. An

28 Unlawful Detainer action was intentionally deemed a summary proceeding so that the BankUnited

UNLAWFUL DETAINER BANKUNITED'S SPECIAL APPEARANCE OPPOSITION TO ARNOLD'S
ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

1  could obtain immediate possession of the property that is lawfully theirs. Consolidation would

2  contravene the purpose of the Unlawful Detainer proceeding and would allow Arnold to remain in

3  possession of the property that BankUnited has already been adjudged to legally possess.

4           1.     **An Order Seeking to Stay and/or Consolidate the**

                  **Unlawful Detainer Action With the Unlimited**

5                    **Action Is Improper Because BankUnited has**

                  **Already Obtained Judgment for Possession.**

6

7          Consolidation is improper because a judgment has already been entered in the UD Action.

8  Consolidation is proper when there are *pending* actions. Here, the UD Action is no longer pending.

9  The Unlawful Detainer action is not "pending" because *judgment has already been entered in favor*

10  *of BankUnited at a Motion for Summary Judgment on July 26, 2012.* The court cannot

11  consolidate a case that already has judgment with a case that is still pending. Since the Unlawful

12  Detainer action has been disposed by way of judgment for possession for BankUnited, there is

13  nothing to consolidate.

14          Further, in an effort to fend off any attempt at staying and/or consolidation, it should be noted

15  that matters relating to title are not similar to issues in a Unlawful Detainer summary action. CCP §

16  1048(a) clearly states that "when an action involving a common question of law or fact are pending

17  before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions;

18  it may order all the actions consolidated and it may make such orders concerning proceedings therein

19  as may tend to avoid unnecessary costs or delay."

20          CCP § 1048(b) implicitly limits consolidation in that it permits a court to sever cases to avoid

21  prejudice. BankUnited, the owner of the Property, would be severely prejudiced if Arnold's

22  application would be granted. Specifically, BankUnited's opportunity to market the property and

23  recover on the loss occasioned by Arnold's default in payment would be significantly delayed by

24  enjoining or consolidating BankUnited's UD Action with Arnold's Unlimited Civil Action. The

25  prejudicial impact of such a delay would be amplified by the current daily decline in property values

26  throughout the region. For the same reasons noted above, BankUnited will suffer economic harm

27  if the Consolidation is granted.

28  ///

**UNLAWFUL DETAINER BANKUNITED'S SPECIAL APPEARANCE OPPOSITION TO ARNOLD'S
ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

**B.     ARNOLD'S APPLICATION MUST BE DENIED AS HE
CANNOT SATISFY THE ELEMENTS TO JUSTIFY A
PRELIMINARY INJUNCTION.**

In order to obtain a preliminary injunction, Arnold must prove that (1) there is a  likelihood that he will prevail at trial on the merits of separate action, *and* (2), the interim harm that he is likely to sustain if the injunction is denied is greater compared to the harm that BankUnited is likely to suffer if the court grants a preliminary injunction. (*14859 Moorpark Homeowner's Assn. v.  VRT Corp.* (1998) 63 Cal. App. 4th 1396, 1402.)  More importantly, a party seeking injunctive relief is not entitled to such relief if he or she does not have a reasonable probability of prevailing on the merits at trial ( *Teachers Ins. &Annuity Assn. v. Furlotti* (1999) 70 Cal.App.4th 1487, 1498.

Here, in order for Arnold to succeed on the merits of his equitable claim to set aside the Trustee's Sale and regain his right to possess and maintain title to the property - which is what the Arnold seeks through the injunction - *Arnold would first have to tender the indebtedness owed to BankUnited* . (See, e.g., *Shimpones v. Stickney* (1934) 219 Cal. 637, 649; *Arnolds Managment Corp. v. Eishen* (1984) 158 Cal. App. 3d 575, 578-79; *Miller & Starr, California Real Estate* (2d ed. 1989) §9:154, pp. 507-08. This "tender rule" is based on the principle that a court of equity will not act where doing so would b futile.  As put by the Court in *Leonard v. Bank of America etc. Assn.:*

> Equity will not interpose its remedial power in the accomplishment of what seemingly would be nothing but an idly expensively futile act, nor will it purposely speculate in a field where there has been no proof as to what beneficial purpose may be subserved through its intervention. Leonard (1936) Cal.App.2d 341, 344 (rejecting plaintiff's claim to set aside a sale under a deed of trust because plaintiff failed to tender.)

In the instant action, Arnold has not offered to tender the debt now, nor has he alleged any ability to do so at trial (or at any other time).  Accordingly, even if Arnold were to prevail on his claims, his inability to "do equity" as to Plaitniff, who rightfully holds title to the subject property, by tendering the loan amount would still be fatal to his claim to set aside the trustee's sale and regain his right to possession.  As such, Arnold has __no__ chance of succeeding on the merits of his claim at trial.  Thus, because Arnold cannot satisfy the first element to justify a preliminary injunction, any stay of the UD Action should be denied.

The indebtedness at the time of the trustee' sale as set forth in the recorded Trustee' Deed

5

1  was $585,286.28. Arnold has not alleged tender of such amount at any time, not in the complaint

2  and not in the instant application. *It would be futile to allow an attack on the sale without full*

3  *tender of the amount of indebtedness.* California law mandates a tender, no attack on the sale may

4  proceed without it. Because Arnold cannot satisfy his debt obligations, he is not entitled to a stay

5  of the UD Action.

6      **C.**    **THE CIRCUMSTANCES INVOLVING ARNOLD'S**
    **SEPARATE ACTION DO NOT GIVE RISE TO A STAY OF**

7      **THE EVICTION PROCEEDING.**

8          An injunction cannot be granted unless Arnold provides actual evidence and allegations of

9  fraud on the part of the lender that if proved true, would in fact result in title to the subject property

10 being quieted in favor of Arnold. In the case of *Asuncion v. Superior Court*, (1980) 108 Cal. App.

11 141, 146-47, the Unlawful Detainer defendant provided the court with ample evidence of specific

12 acts of unlawful, unfair and fraudulent business practices committed by the plaintiff. These

13 fraudulent conduct included:

14     [locating] persons with substantial equity in encumbered residential real property
    who were in default on their home loans; [representing] to these homeowners that

15     [Plaintiff] would offer them advice and assistance, and further states the homeowners
    must act at once to prevent foreclosure, despite the fact homeowners [had] 90 days

16     to cure a default; [offering] to loan the homeowners funds to pay off the defaults,
    with the real property to be security for the loan; and then induces the homeowners

17     to sign legal papers which they do not understand and which obligate the
    homeowners to repay sums greatly in excess of their present undertakings, [charging]

18     usurious rates of interest, and, unbeknownst to the homeowners, [granting Plaintiff]
    legal title to the property. Since the assumed new obligation is always more

19     burdensome than the existing loans, which the homeowner could not meet, there is
    a further default on the new agreement, and [plaintiff] then evicts the homeowners

20     and converts the equity to its own use. Id. at 143.

21         Clearly, if any of these outrageous conduct were proved true, then defendants in *Asuncion*

22 would maintain possession and ownership of the their property. In this case, however, Arnold's

23 complaint in the separate action contains mere conclusory allegations of fraud. Arnold has not

24 provided any evidence nor alleged any claims of fraudulent conduct rising to the conduct of the

25 plaintiff in *Asuncion*.

26         *Asuncion* does not, and cannot, stand for the proposition that any general allegations of fraud

27 entitles the Unlawful Detainer defendant to a stay of an UD Action. If this were true, then every

28 Unlawful Detainer Arnold could easily delay the summary nature of an Unlawful Detainer

6

1  proceeding by merely alleging fraudulent conduct on the part of the lender.   The Appellate Court

2  specifically stated that a stay of an Unlawful Detainer proceeding is proper only when Arnold in the

3  eviction action raise affirmative defenses or complex issues of fraud in a separate action, *and these*

4  *defenses or claims, if proved true, would allow the Arnold to maintain ownership and possession*

5  *of the property.* (*Asuncion v. Superior Court*, (1980) 108 Cal. App. 141, 146-47.) The possible

6  allegations of fraud in Arnold's complaint does not rise to the level of fraud that was the basis of the

7  *Asuncion* holding. Arnold's possible allegations are mere conclusory statements that cannot justify

8  a stay of a summary proceeding that is entitled to litigation preference.

9         Other Courts have elaborated on the *Asuncion* holding to clarify that not all assertions of

10  fraud warrant a stay, transfer, or consolidation. In *Old Financial*, the Court stated that an injunction

11  is proper only when the separate fraud action *is a direct challenge* to the manner in which the

12  Unlawful Detainer BankUnited obtained title to the property. (*Old Financial Services, Inc. v. Seibert*

13  (1987) 194 Cal. App. 3d 460, 466.) In *Mehr*, the Court provided an example of a "direct challenge"

14  that would trigger the *Asuncion* holding. The Court stated that a plaintiff who "conspires" to obtain

15  possession of the property by "unlawful means" by "lulling" Arnolds to believe they had additional

16  time  to exercise redemption rights is fraudulent conduct that bears directly on possession and

17  ownership. (*Mehr v. Superior Court* (1983) 139 Cal. App. 3d 1044.)  Thus conversely,  if the

18  separate fraud action is an "indirect" challenge to plaintiff's title, and the claims, if proven, *would*

19  *not have directly* "maintained possession and ownership," then an injunction is improper. (*Old*

20  *Financial Services, Inc.* (1987) 194 Cal. App. 3d at 467.)

21         Here, BankUnited has neither "conspired" nor used "unlawful means" to obtain possession.

22  Further, since Arnold cannot claim fraud in the "actual acquisition of the trustee's deed," an

23  injunction should be denied.

24     **D.    ENJOINING THE EVICTION PROCEEDING PENDING THE**
           **RESULTS OF THE POSSIBLE UNLIMITED ACTION IS**
25         **IMPROPER BECAUSE THE UNLIMITED ACTION IS**
           **IMMATERIAL TO RESOLVING THE UNLAWFUL**
26         **DETAINER ACTION.**

27         Staying the enforcement of the Unlawful Detainer  Judgment pending the results of the

28  Unlimited Action is improper because such an injunction contravenes the nature of an eviction

**UNLAWFUL DETAINER BANKUNITED'S SPECIAL APPEARANCE OPPOSITION TO ARNOLD'S
ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**

1  proceeding.  An Unlawful Detainer action is a summary proceeding that is subject to expedited
2  resolution.  Contrary to an eviction proceeding, an Unlimited Action may take years to litigate.
3  Thus, enjoining the Unlawful Detainer action pending the Unlimited Action prevents the Unlawful
4  Detainer action, especially after Judgment has been granted, from being summary in nature.

5      Acknowledging this issue, the State Appellate Court in *Evans v. Superior Court* (1977) 67
6  Cal. App. 3d, 162, 171 held that the pendency of another action should have no bearing on the
7  resolution of an Unlawful Detainer proceeding.  The reason for this is because the issues in an
8  Unlawful Detainer action are not common with the issues in an Unlimited Action.  The issues are
9  even less common when the Unlawful Detainer case arises from foreclosure because, as noted above,
10 only a limited examination of title is permitted in a Unlawful Detainer action while more complex
11 issues of title *must be litigated in a separate action*.

12     Because issues in an Unlimited Action must be litigated separately from the issues in
13 Unlawful Detainer action, the resolution of the Unlimited Action is immaterial to the Unlawful
14 Detainer case.  Thus, it is inappropriate to stay judgment already obtained in the UD Action pending
15 the results of Arnold's case in the Unlimited Jurisdiction Court.

16     E.    **STAYING THE UNLAWFUL DETAINER ACTION IS CONTRARY TO BANKUNITED'S RIGHT TO SPEEDY**
17           **RESOLUTION OF UNLAWFUL DETAINER ACTION PURSUANT TO § 1179a.**
18

19     An Unlawful Detainer action is a summary proceeding that ought to be resolved in an
20 expeditious manner so that the plaintiff-owner may regain possession of the real property that the
21 defendant has no legal right to occupy.( *Mobil Oil Corp v. Superior Court* (1978) 79 Cal. App. 3d
22 486, 494.)  The State Legislature also emphasized the expedited, summary nature of Unlawful
23 Detainer action by enacting specific statutes to ensure "*adequate expeditious and summary*
24 *procedure* for regaining possession of real property wrongfully withheld by a tenant." *Mobil Oil*
25 *Corp v. Superior Court, supra,* 79 Cal. App. 3d at 494.

26     One such statute, CCP § 1179a, clearly states that "in all proceedings brought to recover the
27 possession of real property pursuant to the provisions of this chapter all courts, wherein such actions
28 are or may hereafter be pending, *shall give such actions precedence over all other civil actions*

8

UNLAWFUL DETAINER BANKUNITED'S SPECIAL APPEARANCE OPPOSITION TO ARNOLD'S
ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

1  therein, except actions to which special precedence is given by law. In the matter of the setting the

2  same for hearing or trial, and in hearing the same, to the end that all such actions shall be quickly

3  heard and determined." ( See also *Lori, Ltd., Inc. V. Superior Court*, (1946) 74 Cal. App. 2d 442, 443

4  [where a mandate was issued to enforce trial priority of Unlawful Detainer action].)

5        These Unlawful Detainer statutes, such as CCP § 1179a, provide the landlord with rights and

6  remedies "in lieu of his common law rights and remedies which included the right to enter and expel

7  the tenant by force." (*Mobil Oil Corp, supra*, 79 Cal. App. 3d at 494.)   Enjoining the Unlawful

8  Detainer action pending the results of the alleged Unlimited case infringes upon BankUnited's (i.e.

9  the landlord's) rights and remedies to immediate possession; thus, any injunction should be denied.

10  Further, by infringing on BankUnited's rights and remedies, the injunction subjects BankUnited's

11  to severe economic harm.

12      **F.**    **IF THE STAY IS GRANTED, ARNOLD MUST TENDER THE**
                **FULL AMOUNT OF INDEBTEDNESS OWING AT THE TIME**
13               **OF THE FORECLOSURE SALE.**

14        If the unlawful detainer action is stayed the Arnold should also be required to pay the full

15  amount of indebtedness owing at the time of the foreclosure sale. Since Arnold has chosen to litigate

16  claims outside the scope of an unlawful detainer action in his separate Unlimited Civil Action,

17  Arnold must tender of the full amount of the indebtedness.  As succinctly stated by the Court in

18  *United States Cold Storage of California v. Great Western Savings and Loan Association* (1985) 165

19  Cal. App. 3d 1214, 212 Cal. Rptr. 232:

20        [T]he law is long-established that a trustor or his successor must tender the obligation
           in full as a prerequisite to challenge of the foreclosure sale. (E.g., *Humboldt Sav.*
21        *Bank v. McCleverty* (1911) 161 Cal. 285; *Williams v. Koenig* (1934) 219 Cal. 656,
           660; *Crummer v. Whitehead* (1964) 230 Cal App. 2d 264, 268; *Karlsen v. American*
22        *Sav. & Loan Assn.* (1971) 15 Cal. App. 3d 112, 117; *Munger v. Moore* (1970) 11 Cal.
           App. 3d 1.
23

24        The consistent rationale for this vast body of authority is well articulated by the Court in

25  *United States Cold Storage, supra*, as follows:

26        It would be futile to set aside a foreclosure sale on the technical ground that notice
           was improper, if the party making the challenge did not first make full tender and
27        thereby establish his ability to purchase the property.  Thus it is sensible to require
           that a trustor, whose default to begin with resulted in the foreclosure, give proof
28        before the sale is set aside that he now can redeem the property. Id at 1226.

9

UNLAWFUL DETAINER BANKUNITED'S SPECIAL APPEARANCE OPPOSITION TO ARNOLD'S
ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

1    In the unlawful detainer action, the indebtedness at the time of the trustee's sale, as set forth

2  on the Trustee's Deed attached to the Verified Complaint as Exhibit A, was $585,286.28. Arnold

3  has not alleged tender of such amount at any time. It would indeed be futile to allow an attack on the

4  sale, on the technical grounds such as title, without a full tender of the amount of indebtedness. The

5  weight of authority mandates a tender, and Arnold's attack on the sale may not proceed without the

6  same.  Arnold makes no showing of an ability to provide a sufficient bond or other security for

7  BankUnited.

8    **G.    ARNOLD   SHOULD  ALSO  BE  REQUIRED  TO PAY RENT AND
          TAXES FOR THE PROPERTY IF A STAY IS GRANTED.**

9

10    In addition to posting a bond for the full amount of indebtedness, Arnold must pay

11  BankUnited $ 2,133.25 per month because BankUnited's interest in enforcing its Judgment by

12  obtaining possession as the Unlawful Detainer Plaintiff would be substantially undermined by the

13  instant a grant of the instant application. According to the allegations in BankUnited's Unlawful

14  Detainer complaint, the reasonable rental value of the property is $1,800.00 per month.  In addition,

15  any stay or injunction should be further conditioned upon the payment by Arnold of an amount equal

16  to the cost of property tax expenses that BankUnited would incur during the stay, together with the

17  difference in appraised market value of the subject property now and at the conclusion of the

18  separate trial.

19    The amount of property taxes on the subject property is approximately $3,999.00 per annum.

20  One-twelfth of this amount, or $333.25, should be added to any monthly payment amount.  The

21  amount of lost principal value of subject property during the period of a stay cannot be measured

22  until the subject property is sold, but will undoubtedly be significant and constitutes irreparable harm

23  to BankUnited should a stay be granted.

24    Thus, the monthly amount Arnold should pay as a just condition of a stay is thus the *fair*

25  *rental value of $1,800.00 plus the property tax amount of $333.25, for a total of $2,133.25 per*

26  *month*.

27  ///

28  ///

**10**

UNLAWFUL DETAINER BANKUNITED'S SPECIAL APPEARANCE OPPOSITION TO ARNOLD'S
ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

**IV. CONCLUSION**

For the foregoing reasons, BankUnited respectfully requests that the Court deny Arnold's Application for a Preliminary Injunction.

Respectfully submitted,

**TFLG, A LAW CORPORATION**

Dated: August 1, 2012

By: _Viana Ball_
VIANA G. BARBU, ESQ.
ERIC G. FERNANDEZ, ESQ
Attorneys for BankUnited
BANKUNITED

---

11

UNLAWFUL DETAINER BANKUNITED'S SPECIAL APPEARANCE OPPOSITION TO ARNOLD'S
ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

# EXHIBIT A

GRAHAM & MARTIN, LLP
Anthony G. Graham (State Bar No.148682)
Michael J. Martin (State Bar No. 171757)
3130 South Harbor Blvd., Suite 250
Santa Ana, California 92704
(714) 850-9390

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

AUG 0 6 2012

ALAN CARLSON, Clerk of the Court

Attorneys for Plaintiff
PETER ARNOLD

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

**BY FAX**

PETER ARNOLD, an individual,

                    Plaintiffs,

          vs.

BANKUNITED, FSB; NATIONAL DEFAULT
SERVICING CORPORATION AND DOES 1-
10,

                    Defendants.

CASE NO.  30-2012-00585248

REPLY TO OPPOSITION TO APPLICATION
FOR:
1.  TEMPORARY RESTRAINING ORDER
AND ORDER TO SHOW CAUSE RE:
PRELIMINARY INJUNCTION;
2.   STAY OF RELATED ACTION;
3.   CONSOLIDATION OF RELATED
ACTION.

JUDGE: ROBERT J. MOSS
DEPT.: C23
DATE: AUGUST 10, 2012
TIME:  10.00 A.M.

          Plaintiff hereby replies this reply to BANKUNITED, FSB's ("BankUnited") Opposition

to the Order to Show Cause re Preliminary Injunction and Plaintiffs' motion to stay and

consolidate the Related Action.  Despite its best efforts, BankUnited's opposition puts forth only

two arguments in favor of its opposition.  Both are insufficient to prevent this court granting a

preliminary injunction.

          First, Defendant asserts that it has not been served with the moving papers in this matter.

In fact, as proven both by the proof of service attached to the ex parte as well as the court's own acceptance of the ex parte when granting the TRO, the bank has in fact been served.   At the hearing on the ex parte application the Hon. James DiCesare ordered counsel to within twenty four hours give notice of the TRO and briefing schedule to Defendant. The ex parte application was deemed the moving papers and deemed served.  Plaintiffs' counsel provided the required notice in open court at 1.30 p.m. that same day in Department N18 Orange County Superior Court, North Justice Center, the Hon. Frederick Aguirre presiding.  Declaration of Anthony G. Graham, ¶ 2.  At no time, either then or later, have counsel for Defendant request a further copy of the moving papers. *Id.*

Second, BankUnited asserts that this court, a court of unlimited jurisdiction, has no authority to enter an order that essentially overrides the Judgment of the UD court, a court of limited jurisdiction. Opp., p. 3.  Not surprisingly, Defendant offers no legal support for this novel theory, which was even rejected by the Judge in the UD court. *See*, Notice of Court in Related Action Refusal to Honor TRO Dated July 26, 2012, filed in this action. [1]  There is no

---

[1] On July 26, 2012 at 1.30 p.m. in Department N18 Orange County Superior Court, North Justice Center, the Hon. Frederick Aguirre presiding, Anthony G. Graham, counsel for Plaintiff Peter Arnold, filed and served this court's temporary restraining order and order to show cause re preliminary injunction executed by the Hon. James DiCesare on July 26, 2012. The Hon. Frederick Aguirre on review of the TRO made two determinations. First, the court determined that the TRO had no effect on the issuance and enforcement of a writ of possession and that in his opinion the order did not prevent BankUnited from immediately evicting Plaintiff from the family home.  He immediately granted judgment in the UD action and the writ will issue shortly. Second, as to Judge DiCesare's refusal to grant a stay on the stated grounds that he did not believe he had the authority to stay another Superior Court judge's action, even though in a limited jurisdiction action, Judge Aguirre stated on the record that that statement was false since he clearly did have that authority (which Plaintiff's counsel had argued to Judge DiCesare), and that if Judge DiCesare had wanted to stay the UD action he could have.  Judge Aguirre then went on to state that since Judge DiCesare did not do so he must have determined this action had no merit.  Counsel for Plaintiff noted he could not have done so since he granted the TRO.  Judge Aguirre had no response to that but simply entered judgment in the UD action having refused to stay the action on the sole ground stated.  Graham Dec., ¶ 3.

support for this statement because it is clearly contrary to law.  *See, Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 95 (action to set aside foreclosure sale may be brought on following grounds: 1. "the trustee's or the beneficiary's failure to comply with the statutory procedural requirements for the notice or conduct of the sale"; "the trustee did not have the power to foreclose ; 2. "the trustor was not in default, no breach had occurred, or the lender had waived the breach"; or 3. "the deed of trust was void").

Pursuant to CCP 1048 (a) this court may make any order it deems appropriate to avoid unnecessary costs and delay.  Absent a stay of enforcement of the writ of possession Plaintiff will lose his home since he has no ability or right to bring these defenses in a UD Action.  This court has the power to consolidate the two actions and to then stay the related action.  It should do so since that is the only way to prevent Plaintiff suffering the irreversible prejudice of having lost the family home without ever having had the right to present his case.  As to any prejudice to Defendant, Plaintiff has offered to pay, either into court or to Defendant, the reasonable rental value of the property until this matter is concluded, a resolution acknowledged as acceptable by Defendant.  Opp., p. 10.

Third, Defendant bank argues that Plaintiff cannot succeed on an action sounding in equity unless he "tenders the debt".  That statement is also wrong as a matter of law.

Presumably counsel for Defendants has failed to take note of the recent case entitled *Lona v. Citibank, N.A.* 202 Cal.App.4th 89 (2011) which sets forth a number of exceptions to the tender rule so beloved of bank defendants.  The complaint in this action falls within each of the exceptions.

PRINTED ON
RECYCLED PAPER

First, "if the borrower's action attacks the validity of the underlying debt, a tender is not required since it would constitute an affirmation of the debt." Lona, *supra*, 202 Cal. App. 4th at 103 (citations omitted).  In this case Plaintiff has attacked the unconscionable and illegal nature of the loan agreement and deed of trust and argued they were void for illegality from the inception and voidable based on the unconscionable nature of the loans.  That is sufficient under *Lona* for Plaintiff to fall within the first exception. *Id.*, at 105.

In this case Plaintiff has provided verified allegations that "Defendant . . . colluded in the facilitation and procurement of the Loan, which were predatory in nature and injurious to Plaintiff.  Defendant at various times throughout the origination and servicing of the loan knowingly misrepresented, *inter alia*, the following: a. The nature and terms of the loans; b. That the loans were a good financial decision for Plaintiff; c. The modification process of the loans; and d. The value of the Plaintiffs' home which was used to justify the loan." Complaint, ¶30.

Additionally, Defendant "knowingly misrepresented Plaintiffs' income on the loan application. Plaintiff did not report, nor was he asked to report his actual income for the purpose of determining whether he qualified for the loan. Defendant knew of the falsity because, without the confidential employment information that could **only** be supplied by Plaintiff, the income information included on the application is necessarily false. Defendant intentionally entered the false information on the applications in order to qualify Plaintiff for predatory loans which he had no ability to repay." Complaint, ¶31-33.  Similarly, Defendant placed Plaintiff in a "initial interest-only payment, with knowledge that the initial interest-only payment was scheduled to shortly convert to a fully amortized payment" without so informing him.  Complaint, ¶34-35. These are sufficient allegations to fall within the first exception to the tender rule as enunciated by the court in *Lona*.

Second, "no tender will be required when the trustor is not required to rely on equity to attack the deed because the trustee's deed is void on its face." Lona, *supra*, 202 Cal. App. 4th at 103 (citations omitted); *see also, Dimock v. Emerald Properties* (2000) 81 Cal.App.4th 868, 878 [beneficiary substituted trustees; trustee's sale void where original trustee completed trustee's sale after being replaced by new trustee because original trustee no longer had power to convey property].)

The verified complaint alleges that on February 8, 2012 Plaintiffs received a Notice of Trustee Sale. That Notice states that NATIONAL DEFAULT SERVICING CORPORATION was the trustee under the Note and Deed of Trust. The complaint alleges that statement was false. Complaint, ¶ 10. NATIONAL DEFAULT SERVICING CORPORATION has never been validly assigned either the Note or Deed of Trust. No recording of any assignment has ever occurred. Therefore, NATIONAL DEFAULT SERVICING CORPORATION did not have the power of sale under the Deed of Trust on the date of the Trustee Sale. Complaint, ¶ 15 - 17. Thus, NATIONAL DEFAULT SERVICING CORPORATION had no right to sell the Property at the Trustee Sale. The Trustee Sale is therefore void. *Id.*. BankUnited therefore does not have valid title to the property based upon that void sale.

Third, "a tender will not be required when the person who seeks to set aside the trustee's sale has a counter-claim or set-off against the beneficiary," including without limitation a "claim for compensatory and punitive damages." Lona, *supra*, 202 Cal. App. 4th at 103 and fn. 11 (citations omitted); *see also*, Complaint, ¶ ¶ 26, 29 and Prayer for Relief.

Fourth, "a tender may not be required where it would be inequitable to impose such a condition on the party challenging the sale." Lona, *supra*, 202 Cal. App. 4th at 103 (citations omitted). Plaintiff has pled sufficient allegations of inequity. *See*, Complaint, ¶¶ 15 – 17; ¶¶ 24 -

PRINTED ON
RECYCLED PAPER

1   36 and ¶¶ 42 - 45.

2       The final argument presented by Defendant is that this court has no power to consolidate

3   the two related actions because somehow the UD Action is "no longer pending". Wrong. The

4   action is pending so long as an appeal may be brought thereon. Plaintiff will, if necessary, appeal

5   the UD judgment. Moreover, it should be noted that Defendant, presumably inadvertently,

6   actually quotes CCP 1048(b) which specifically gives this court the power to consolidate related

7   actions (which these clearly are) top avoid unnecessary costs or delay". Opp., p. 4.

8

9       Since this court has the power to determine that the trustee sale which was initiated by

10  NATIONAL DEFAULT SERVICING CORPORATION as the Foreclosing Beneficiary was

11  void, since Defendant was not in fact the owner of the Note or Deed of Trust and thus not the

12  "Foreclosing Beneficiary", and such a defense is not available in a UD action, a stay is in order

13  and consolidation to allow these matters to be litigated in this court.

14

15      An order consolidating these two actions is necessary and good cause exists for its

16  granting in that even Defendant does not dispute that they involve common questions of law and

17  fact, the parties are identical and should be tried together to promote convenience and to

18  conserve judicial resources by avoiding unnecessary costs, delays, duplication and inconsistent

19  verdicts. Pursuant to CCP 1048 (a) this court may make any order it deems appropriate to avoid

20  unnecessary costs and delay. Absent consolidation Plaintiff will be evicted from his home – a

21  permanent and absolute harm – without having had the opportunity to prove Defendant had no

22  right to sell the family home in a trustee sale.[2]

23

24

25

26  [2] Defendants' prejudice, if any, caused by a postponement of the transfer of title will be small,
    particularly when compared to the irreparable harm Plaintiff will suffer if his property is
27  subsequently sold after eviction. However, if required by the Court, Plaintiff would pay the
    reasonable rental value of the property during the pendency of this action, either into court or to
28  Defendant, as the Court orders.

1

2   IV.   **CONCLUSION**

3          For the reasons set forth above, the Court should issue a Preliminary Injunction in the

4   form proposed or in a substantially similar form.   Further, the court should order a stay on

5

6   enforcement of the writ of possession in the Related Action and that that action consolidated with

7   this one.

8   Dated: August 6, 2012

9

10                                           Anthony G. Graham
                                             Attorneys for Plaintiff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF ANTHONY GRAHAM

I, Anthony Graham, do declare as follows:

1.     I am an attorney at law licensed to practice before the Courts of this State and am a partner with the law firm of Graham & Martin, LLP, attorneys for Plaintiff PETER ARNOLD. I have personal knowledge of the facts stated below and, if called upon as a witness, could and would competently testify thereto.

2.     At the hearing on the ex parte application the Hon. James DiCesare ordered me to within twenty four hours give notice of the TRO and briefing schedule to Defendant. The ex parte application was deemed the moving papers and deemed served. I provided the required notice in open court at 1.30 p.m. that same day in Department N18 Orange County Superior Court, North Justice Center, the Hon. Frederick Aguirre presiding. At no time, either then or later, have counsel for Defendant request a further copy of the moving papers. Prior to receipt of the Opposition brief on Friday, August 3, 2012, I have never seen the Minute Order attached thereto. In any event, the Minute Order to the extent it states "Moving papers are to be served with 24 hours", does not accurately reflect the order given to me by Judge DiCesare in open court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 6th day of August, 2012, at Santa Ana, California.

Anthony G. Graham
Attorneys for Plaintiff

PRINTED ON
RECYCLED PAPER

## CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to this case.   I am a resident of or employed in the county where the mailing occurred.   My business address is 3130 South Harbor Blvd., Suite 250, Santa Ana, California 92704.

I SERVED THE FOLLOWING:

1.) Reply Brief.

by placing the documents in an envelope and mailing them via US mail to the following persons:

NAME AND ADDRESS OF EACH PERSON TO WHOM DOCUMENTS WERE EMAILED:

Counsel for BankUnited FSB:

Eric G. Fernandez
TFLG, A Law Corporation
2121 2nd Street, Suite C105
Davis, CA 95618

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 6, 2012

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 08/10/2012                   TIME: 10:00:00 AM          DEPT: C23

JUDICIAL OFFICER PRESIDING: Robert J. Moss
CLERK: Betsy Zuanich
REPORTER/ERM: Sherri Lynn Kuebler-12339 CSR# 12339
BAILIFF/COURT ATTENDANT: Angelina Bernal

CASE NO: **30-2012-00585248-CU-OR-CJC** CASE INIT.DATE: 07/20/2012
CASE TITLE: **Arnold vs. Bankunited, FSB**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other Real Property

EVENT ID/DOCUMENT ID: 71526638

**EVENT TYPE**: Order to Show Cause re: Preliminary Injunction

---

**APPEARANCES**
Ratha Kea, specially appearing for Bankunited, self represented Defendant.
NO APPEARANCES

Tentative Ruling posted on the Internet .

Both parties submit on the Courts tentative ruling.

The Court confirms the tentative ruling as follows:

OSC re preliminary injunction. **Preliminary injunction denied.**

As to defendant National Default Servicing Corporation, plaintiff Arnold has failed to establish service of the TRO, summons and complaint and declarations within 24 hours as ordered. *See, C.C.P.* 527(d)(2) and Order filed 7-26-12. As to defendant BankUnited, plaintiff Arnold has not established a reasonable possibility of prevailing on the merits on any of his causes of action based on admissible evidence. *See, Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 527. Relatedly, a non-judicial foreclosure sale has occurred, and plaintiff Arnold has not established an ability to make tender. *See, United States Cold Storage of California v. Great Western Savings and Loan Ass'n* (1985) 165 Cal.App.3d 1214, 1222 to 1223. As to fraud/negligent misrepresentation, plaintiff has not stated facts as to any affirmative misrepresentations by either defendant, and has also failed to state facts as to actual and justifiable reliance resulting in a change of position with resulting damages. As to negligence, defendants had no obligation to advise plaintiff about taking out an interest only loan to purchase the subject property. *See, Nymark v. Heart Fed. Sav. & Loan Ass'n* (1991) 231 Cal.App.3d 1089, 1095 to 1096. Also, defendant BankUnited had and has no duty to modify plaintiff's loan. *See, Mabry v. Superior Court* (4th Dist. 2010) 185 Cal.App.4th 208, 231. As to unfair business practices, plaintiff Arnold has not stated facts as to any unlawful, unfair or fraudulent conduct on the part of defendant BankUnited. *See, Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 619.

---

CASE TITLE: Arnold vs. Bankunited, FSB                 CASE NO: **30-2012-00585248-CU-OR-CJC**

---

As to defendant National Default Servicing Corporation, plaintiff failed to give it proper notice of this proceeding. In addition, **plaintiff Arnold's request to consolidate the unlawful detainer action and this civil action is denied** as judgment has been rendered in the unlawful detainer action and thus no pending action exists to consolidate with this unlimited civil action. *See, C.C.P.* § 1048.

Moving party to give notice.

---

1   GRAHAM & MARTIN, LLP
    Anthony G. Graham (State Bar No.148682)
2   Michael J. Martin (State Bar No. 171757)
    3130 South Harbor Blvd., Suite 250
3   Santa Ana, California 92704
    (714) 850-9390
4

5   Attorneys for Plaintiff
    PETER ARNOLD
6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                          COUNTY OF ORANGE

10

11  PETER ARNOLD, an individual,          CASE NO.  30-2012-00

12                    Plaintiffs,

13           vs.                          NOTICE OF PENDENCY OF ACTION [LIS
                                          PENDENS] AFFECTING REAL PROPERTY
14  BANKUNITED, FSB; NATIONAL DEFAULT     LOCATED AT:
    SERVICING CORPORATION AND DOES 1-
15  10,                                   9441 CANFIELD DRIVE
                                          LA HABRA, CA 90631
16                    Defendants.

17

18       **NOTICE IS GIVEN** that the above captioned action was commenced on July 20, 2012,

19  in the above captioned court by PETER ARNOLD against BANKUNITED, FSB and

20  NATIONAL DEFAULT SERVICING CORPORATION; the action is now pending in the above

21  court. The above action alleges a real property claim affecting certain property that is situated in

22  Orange County, and that this property is described as follows:

23                          **9441 CANFIELD DRIVE**
24                          **LA HABRA, CA 90631**

25  A Legal description of the Property is attached as Exhibit A.

26  Dated: August 14, 2012

27                                   By _____
                                          Anthony G. Graham
28                                        Attorneys for Plaintiff

RINTED ON
ECYCLED PAPER

                                        1

YOUR REFERENCE: 122530-JJ                                    ORDER NO.: 141655-17

## EXHIBIT "A"

LOT 10 OF TRACT 2549, IN THE CITY OF LA HABRA, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 83, PAGES 36 AND 37 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Page 3

## CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to this case.   I am a resident of or employed in the county where the mailing occurred.   My business address is 3130 South Harbor Blvd., Suite 250, Santa Ana, California 92704.

I SERVED THE FOLLOWING:

1.) Notice of Lis Pendens.

by placing the documents in an envelope and mailing them via US mail to the following persons:

NAME AND ADDRESS OF EACH PERSON TO WHOM DOCUMENTS WERE EMAILED:

Counsel for BankUnited FSB:

S. Edward Slabach
TFLG, A Law Corporation
2121 2nd Street, Suite C105
Davis, CA 95618

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 15, 2012

1   GRAHAM & MARTIN, LLP
    Anthony G. Graham (State Bar No.148682)
2   Michael J. Martin (State Bar No. 17175)
3   3130 South Harbor Blvd., Suite 250
    Santa Ana, California 92704
4   (714) 850-9390

5   Attorneys for Plaintiff
6   PETER ARNOLD

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

12.00

*$R00050787265*
2012000481569 2:26 pm 08/21/12
82 417 N25   3
0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.00

7

8                       SUPERIOR COURT OF CALIFORNIA

9                          COUNTY OF ORANGE

                                                    CONFORMED COPY
                                                    Not Compared with Original
10

11  PETER ARNOLD, an individual,          CASE NO. 30-2012-0058248

12              Plaintiffs,               NOTICE OF PENDENCY OF ACTION [LIS
                                          PENDENS] AFFECTING REAL PROPERTY
13      vs.                               LOCATED AT:

14  BANKUNITED, FSB; NATIONAL DEFAULT
    SERVICING CORPORATION AND DOES 1-     9441 CANFIELD DRIVE
15  10,                                   LA HABRA, CA 90631

16              Defendants.

17

18      **NOTICE IS GIVEN** that the above captioned action was commenced on July 20, 2012,

19  in the above captioned court by PETER ARNOLD against BANKUNITED, FSB and

20  NATIONAL DEFAULT SERVICING CORPORATION; the action is now pending in the above

21  court. The above action alleges a real property claim affecting certain property that is situated in

22  Orange County, and that this property is described as follows:

23                  **9441 CANFIELD DRIVE**
24                  **LA HABRA, CA 90631**

25  A Legal description of the Property is attached as Exhibit A.

26  Dated: August 14, 2012

27                                  By _____
                                        Anthony G. Graham
28                                      Attorneys for Plaintiff

EXHIBIT 3

California Secretary of State Debra Bowen

| Secretary of State | Administration | Elections | Business Programs | Political Reform | Archives | Registries |

**Business Entities (BE)**

Online Services
 - Business Search
 - Disclosure Search
 - E-File Statements
 - Processing Times

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Annual/Biennial Statements**

**Filing Tips**

**Information Requests**
 (certificates, copies &
 status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
 - Business Resources
 - Tax Information
 - Starting A Business
 - International Business
   Relations Program

Customer Alerts
 - Business Identity Theft
 - Misleading Business
   Solicitations

## Business Entity Detail

Data is updated weekly and is current as of Friday, September 14, 2012. It is not a complete or certified record of the entity.

| | |
|---|---|
| Entity Name: | NATIONAL DEFAULT SERVICING CORPORATION |
| Entity Number: | C1958993 |
| Date Filed: | 01/29/1996 |
| Status: | ACTIVE |
| Jurisdiction: | ARIZONA |
| Entity Address: | 7720 NORTH 16TH STREET, SUITE 300 |
| Entity City, State, Zip: | PHOENIX AZ 85020 |
| Agent for Service of Process: | C T CORPORATION SYSTEM |
| Agent Address: | 818 W SEVENTH ST |
| Agent City, State, Zip: | LOS ANGELES CA 90017 |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search      New Search      Printer Friendly      Back to Search Results**

**Privacy Statement** | **Free Document Readers**
Copyright © 2012   California Secretary of State

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV12- 1598 CJC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>PETER ARNOLD, an individual | **DEFENDANTS**<br>BANKUNITED, FSB; NATIONAL DEFAULT SERVICING CORPORATION |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Anthony G. Graham, Esq./ Michael J. Martin, Esq. GRAHAM & MARTIN, LLP<br>3130 South Harbor Blvd., Suite 250, Santa Ana, CA 92704<br>714 850-9390 | Attorneys (If Known)<br>Charles C. McKenna, Esq./David L. Chaffin, Esq.<br>WRIGHT, FINLAY & ZAK, LLP<br>4665 MacArthur Court, Suite 280, Newport Beach, CA 92660<br>949-477-5050; Fax: 949-477-9200 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No        ☒ **MONEY DEMANDED IN COMPLAINT:** $ unknown

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §1441(b)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☒ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

### SACV12-01598 CJC (ANx)

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
   ☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
   ☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | BANKUNITED, FSB - Florida |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_   Date September 20, 2012

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |